IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 9-208 |
| v. | ) | CV 16-34 |
| RICARDO MARRERO | | |

**MEMORANDUM ORDER**

In this action, Defendant pleaded guilty, without a plea agreement, to two Counts of bank robbery. On May 2, 2011, Defendant was sentenced to a term of imprisonment of 96 months, followed by a term of supervised release. His sentence was based, in part, on the career offender provisions of the Sentencing Guidelines, due to prior convictions for simple assault and third-degree murder. His sentence was affirmed on appeal, and the United States Supreme Court granted his subsequent petition for certiorari. The case was remanded to the Court of Appeals for further consideration in light of Descamps v. United States, 133 S. Ct. 2276 (2013). Marerro v. United States, 133 S. Ct. 2732 (2013). On remand, the Court of Appeals upheld Defendant's career offender designation. United States v. Marrero, 743 F. 3d 389 (3d Cir. 2014).[1] Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which was stayed pending the appeal of United States v. Stanton, No. 11-57, 2016 U.S. Dist. LEXIS 186714 (W.D. Pa. Nov. 4, 2016). Defendant has moved for reconsideration of the stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[1] Judge Diamond presided over this matter until it was transferred to my docket on February 22, 2017.

counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Considering a stay involves the weighing of competing interests. Id. at 254-55. "Among the factors the Court must consider are whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." Airgas, Inc. v. Cravath, Swaine & Moore LLP, No. 10-612, 2010 U.S. Dist. LEXIS 15120 (E.D. Pa. Feb. 22, 2010).

To permit the Court to fully assess the applicable factors, each party shall submit a position statement setting forth its position regarding the Sentencing Guidelines applicable to Defendant, absent the career offender enhancement. Defendant's statement shall include a description of the amount of time that Defendant has served in federal custody on the instant offense. The statements shall be filed by October 5, 2017.

AND NOW, this 28th day of September, 2017, IT IS SO ORDERED.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court