IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 9-208 |
| v. | ) | CV 16-34 |
| RICARDO MARRERO | | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Defendant pleaded guilty, without a plea agreement, to two Counts of bank robbery. On May 2, 2011, Defendant was sentenced to a term of imprisonment of 96 months, followed by a term of supervised release. His sentence was based, in part, on the career offender provisions of the Sentencing Guidelines, due to prior convictions for simple assault and third-degree murder.[1] His sentence was affirmed on appeal. United States v. Marrero, 677 F. 3d 155 (2012). The United States Supreme Court granted his subsequent petition for certiorari. The Supreme Court then vacated the decision of the Court of Appeals, and remanded the case for further consideration in light of Descamps v. United States, 133 S. Ct. 2276 (2013). Marerro v. United States, 133 S. Ct. 2732 (2013). On remand, the Court of Appeals upheld Defendant's career offender designation. United States v. Marrero, 743 F. 3d 389 (3d Cir. 2014). The mandate issued on June 12, 2014. Defendant filed a petition for writ of certiorari from that decision, which was denied on January 12, 2015.

On January 8, 2016, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. In his Motion, Defendant argued that his sentence was invalid pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and argued that counsel was ineffective for failing to advise the Court of Appeals, while his direct appeal was pending, that Johnson could impact his appeal.

---

[1] Judge Diamond presided over this matter until it was transferred to my docket on February 22, 2017.

1

Counsel was appointed, and filed a brief in support of Defendant's Motion. The counseled brief argued Defendant's position based on Johnson. The Motion was then stayed several times: first pending Welch v. United States, 136 S. Ct. 1257 (2016), then Beckles v. United States, 137 S. Ct. 886 (2017), and most recently pending the appeal, as yet unresolved, of United States v. Stanton, No. 11-57, 2016 U.S. Dist. LEXIS 186714 (W.D. Pa. Nov. 4, 2016). On October 13, 2017, the stay was lifted. The parties have filed supplemental briefs. Acknowledging that Beckles has nullified his initial claim, Defendant now argues that Mathis v. United States, 136 S. Ct. 2243 (2016), entitles him to relief.

## OPINION

### I. SECTION 2255 MOTION

#### A. Applicable Standards

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402 (3d Cir. 2004). Although a defendant bears the burden of demonstrating entitlement to Section 2255 relief, in this context, the Government bears the burden of demonstrating that career offender status is appropriate. United States v. Smith, No. 92-146, 2016 U.S. Dist. LEXIS 113484, at *6 (W.D. Pa. Aug. 25, 2016). A hearing is unnecessary in this case, and the Motion will be disposed of on the record.

### B. Defendant's Motion

"Absent an intervening change in the governing substantive law or other exceptional circumstances, Section 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'" United States v. Gagliardi, No. 10-480, 2010 U.S. Dist. LEXIS 53739, at *7 (E.D. Pa. June 1, 2010) (quoting United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (citations omitted)). This rule is based on strong policies favoring finality in judicial proceedings, as well as economy of judicial resources. United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981). It is common sense that those policies might give way when a direct appeal was decided without the benefit of a subsequent change in substantive law.

Recently, the Court of Appeals for the Eleventh Circuit considered "whether an intervening decision of the United States Supreme Court…permits Appellant…to establish, through a [2255] proceeding, that the district court erred at sentencing when it determined that he qualified as a career offender under [the Guidelines]." Brown v. United States, 688 F. App'x 644, 645 (11th Cir. 2017). The Court observed:

> An intervening change of law can provide a basis for relief under § 2255 if the change in law has a constitutional dimension or if it involves a change in the interpretation of a law of the United States. Where an intervening change of law involves the interpretation of a law of the United States, the intervening change in law only provides a basis for relief on collateral review if not applying the change constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." An error at sentencing rises to the level of a "fundamental defect" and "results in a complete miscarriage of justice" if the prisoner "is either actually innocent of his crime or . . . a prior conviction used to enhance his sentence has been vacated." Conversely, a misapplication of the Guidelines does not constitute a "fundamental defect" or "result[] in a complete miscarriage of justice" ….Accordingly, even assuming that [Defendant's]…offense does not qualify as a "crime of violence" under the analysis employed in the [allegedly intervening case law], any change in the law with respect to the applicability of the career offender provision does not provide a basis for relief through a…2255 proceeding.
>
> Id. at 651 (citations omitted).

In the context of this particular case, I am constrained to find that Defendant has not established an exception to the general rule barring relitigation of issues, via Section 2255, already considered on direct appeal.

First, the Mathis Court made clear that the decision did not break new ground. As Defendant urges, the Supreme Court indicated that its decision did not announce a new rule, but instead was dictated by longstanding precedent. "Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements…." Mathis, 136 S. Ct. at 2257. Accordingly, in other contexts requiring consideration of whether a case represents "new" law, courts have noted that Mathis "did not recognize a new rule or right; it merely clarified the process for comparing a state conviction to the generic federal offense." See, e.g., United States v. Bryant, No. 3-838, 2017 U.S. Dist. LEXIS 164930, at * 3 (E.D. Pa. Oct. 4, 2017) (addressing Mathis and 28 U.S.C. § 2255(f)(3)). As one court observed, "there is nothing 'new' about Mathis." United States v. Gadsden, No. 09-305, 2017 U.S. Dist. LEXIS 202795, at *6 (W.D. Pa. Dec. 11, 2017). Mathis "is not an issue 'on which new law has been made since the time of the appeal.'" Guenther v. Williams, No. 17-231, 2017 U.S. Dist. LEXIS 181619, at *5 (W.D. Wis. Nov. 2, 2017). [2]

Further, it is apparent that in considering Defendant's sentencing challenge, our Court of Appeals sought to apply the precedents that made Mathis "a straightforward case," and which later dictated Mathis' result. As recited supra, the Court of Appeals first affirmed Defendant's sentence in 2012. Thereafter, in 2013, the Supreme Court decided Descamps, and vacated and remanded this matter to the Court of Appeals for consideration in light of Descamps. On

---

[2] In Guenther, the court granted a certificate of appealability based on Holt v. United States, 843 F.3d 720 (7th Cir. 2016), in which the Court of Appeals for the Eighth Circuit termed Mathis a "substantive decision" that presumptively applied retroactively on collateral review.

4

remand, the Court of Appeals stated that it was required to ask "whether the elements of the offense are of the type that would justify its inclusion within the residual inquiring into the specific conduct of this particular offender." Marrero, 743 F. 3d at 395 (emphasis in original) (quoting James v. United States, 550 U.S. 192 (2007)). In addition, the Court of Appeals was guided by Descamps regarding the application of a categorical approach to divisible statutes. Id. Further, it stated that its inquiry "depend[ed] on the statutory elements of which Marrero was convicted." Id. at 395 (emphasis added).

The crux of Defendant's challenge is not that the Court of Appeals failed to apply the law, but that it did so improperly. His argument centers on the propriety of the Court of Appeals' application of precedent existing before Mathis, as viewed through Mathis' lens: "[h]ad the Court of Appeals applied … precedent properly, it would have limited itself to the 'categorical approach' even before *Mathis* was decided." Document 122, p. 4 (emphasis added). Defendant's position further undermines the conclusion that Mathis constituted an exceptional circumstance, or an intervening change in the law, as contemplated by principles that preclude relitigation of issues already confronted on appeal.

This Court acknowledges that the Court of Appeals' decision in this matter has been questioned, and that at least one District Court has treated Section 2701(a)(1) as indivisible following Mathis. See United States v. Marcia-Acosta, 780 F.3d 1244, 1254-55 (9th Cir. 2015) (criticizing Marrero); Stanton, 2016 U.S. Dist. LEXIS 186714, at *15 (treating Section 2701(a)(1) as divisible). [3] Nonetheless, our Court of Appeals, albeit for propositions other than

---

[3] In Marcia-Acosta, the Court's critique was not aimed at Marrero's initial divisibility analysis, but at the manner in which it applied the modified categorical approach after concluding that the statute was divisible: "[Marrero] cannot be squared with the Supreme Court's clear prohibition on substituting 'a facts-based inquiry for an elements-based one."…[A] sentencing court may not rely on an extraneous factual-basis statement detail, standing alone, to supply the narrowing for purposes of the modified categorical approach." Marcia-Acosta, 780 F. 3d at 1255-56. As previously noted in the body of the Opinion, appeals remain pending in Stanton, in which the Government conceded that the categorical approach applied.

5

those at issue here, continues to cite to its decision in Defendant's case. See, e.g., United States v. Knight, No. 16-1648, 2017 U.S. App. LEXIS 16097, at *5 n.17 (3d Cir. Aug. 23, 2017). It remains that the very challenge now presented has been fully and finally litigated to the highest levels, as to this Defendant; the Court of Appeals' decision remains, as they say, on the books. No departure from the general rule is warranted, and this Court will not review the Court of Appeals' decision in order to assess whether it properly followed the law.

### C. Section 2241

Defendant, in a footnote, asks that the Court construe his Motion as brought pursuant to 28 U.S.C. § 2241, if Section 2255 proves unfruitful, and dismiss his Section 2255 Motion without prejudice. Sentencing enhancement challenges based on intervening law have been deemed insufficient to invoke Section 2241. Brown v. Zickefoose, No. 11-3330, 2011 U.S. Dist. LEXIS 121801, at **9-10 (D.N.J. Oct. 18, 2011) (citing cases). Accordingly, courts within this Circuit have rejected attempts to raise stand-alone Mathis claims under Section 2241. See, e.g., Jackson v. Kirby, No. 17-4651, 2017 U.S. Dist. LEXIS 143910 (D.N.J. Sep. 6, 2017); Wyatt v. FCI Fort Dix, No. 17-133, 2017 U.S. Dist. LEXIS 54335 (D.N.J. Apr. 10, 2017); Lynn v. Spaulding, No. 17-01021, 2017 U.S. Dist. LEXIS 111586 (M.D. Pa. July 18, 2017). In accordance with such decisions, I decline Defendant's cursory request.

## II. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

United States v. Ruddock, 82 F. App'x 752, 757-58 (3d Cir. 2003).

In this case, jurists of reason would find debatable this Court's application of the general rule precluding relitigation of matters already decided on direct appeal, particularly given that this area of the law is in flux. Thus, a certificate of appealability will be granted.

## CONCLUSION

Defendant's challenge does not rest solely on an intervening change in law unavailable to the Court of Appeals at the time of its decision, but on the Court of Appeals' allegedly improper application of extant law at that time. Moreover, to the extent that Defendant relies on Mathis, that case is largely viewed as a clarifying decision, rather than as "new" law. Under the circumstances, a departure from the general rule barring relitigation of an issue decided on direct appeal is unwarranted. Moreover, Mathis has been deemed insufficient grounds for an independent Section 2241 claim. Therefore, Defendant's claim, whether raised via Section 2255 or Section 2241, will be rejected. A certificate of appealability, however, shall issue. An appropriate Order follows.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: December 22, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CR 9-208 |
| v. | ) | CV 16-34 |
| RICARDO MARRERO | | |

**ORDER**

AND NOW, this 22nd day of December, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [90] is DENIED. A certificate of appealability shall issue.

BY THE COURT:

_/s/ Donetta W. Ambrose_

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court